GEORGE ALEXANDER, PLAINTIFF, v. THE GERMANIA FIRE INSURANCE COMPANY, DEFENDANT.

*Policy of insurance — warranty — knowledge of agent — when principal bound by.*

Defendant's agent applied to the plaintiff to insure a dwelling-house belonging to him, which was, as the agent knew, then unoccupied. The application, which was made out by the agent, who wrote the answers to all the questions proposed, was signed by the plaintiff and sent to the company.

* 1 Cowen and Hill, 565.

The application contained the following question: "Occupation. For what is the building used, and how many tenants are there?" To this the answer, written by the agent, was— "Dwelling." In an action upon the policy issued thereon, the defendant claimed that the policy was void because the answer as to the occupation was a warranty and was untrue. *Held*, that, as the agent acted as the agent of the company in soliciting and filling up the application, the effect of the question and answer was simply a covenant on the part of the assured that the building was a dwelling-house, and, when used thereafter, should be used as such.

The policy provided that any person, other than the assured, who might have procured the insurance to be taken, should be deemed the agent of the assured, and not of the company. *Held*, that this provision related to that class of persons known as insurance brokers, whose business it is to effect insurance for other persons, and who are not agents either of the company or of individuals, except so far as their acts in each particular case make them so.

*Semble*, that the company would be estopped by the knowledge of its agent, when his acts and declarations have induced the contract of insurance.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term. This action was brought upon a policy of insurance issued by the defendant, to recover the value of a house destroyed by fire. The application, which was prepared by an agent of the company and signed by the plaintiff, contained, among others, the following question, viz.: "Occupation. For what purpose is the building used, and how many tenants are there?" To which the answer was, "Dwelling." The policy contained the following condition: "11. It is a part of this contract, that any person other than the assured, who may have procured this insurance to be taken by this company, shall be deemed to be the agent of the assured named in this policy, and not of this company under any circumstances whatever, or in any transaction relating to this insurance." Upon the trial the court directed a verdict for the plaintiff for the amount of the loss, subject to the opinion of the court at the General Term. The facts appear in the opinion.

*J. Lawrence Smith* and *William E. Stiger*, for the plaintiff. Brewster was the agent of the company. (Flanders on Fire Ins., 166; *Rowley* v. *Empire Ins. Co.*, 36 N. Y., 550; *Pitney* v. *Glens Falls Ins. Co.*, 61 Barb., 335.) If the language is doubtful, it is to be construed against the company. (*Reynolds* v. *Commerce Ins. Co.*, 47 N. Y., 597; *Bowman* v. *Agricultural Ins. Co.*, 2 N. Y. Sup. Ct. R., 264.) The company is chargeable with the

knowledge of its agent. (*Ames* v. *N. Y. Union Ins. Co.*, 14 N.
Y., 253 ; *Plumb* v. *Cattaraugus Ins. Co.*, 18 id., 392 ; *Combs* v.
*Hannibal Savings Ins. Co.*, 43 Mo., 248 ; *People's Ins. Co.* v.
*Spencer*, 3 P. F. Smith, 353 ; *Meadowcraft* v. *Standard Fire Ins.
Co.*, 11 id., 91.)

*B. C. Chetwood*, for the defendant. The statements as to occu-
pation are warranties. (*Brown* v. *Cattaraugus Ins. Co.*, 18 N. Y.,
392 ; *Chase* v. *Hamilton Ins. Co.*, 20 id., 52; *Jennings* v. *Chen-
ango Co. Mutual Ins. Co.*, 2 Denio, 75 ; *Sarsfield* v. *Metropolitan
Ins. Co.*, 42 How. P. R., 97 ; *Smith* v. *Empire Ins. Co.*, 25 Barb.,
497; *Leroy* v. *Market Fire Ins. Co.*, 39 N. Y., 90 ; *Leroy* v. *Mar-
ket Fire Ins. Co.*, 45 id., 80 ; *Parmelee* v. *Hoffman Fire Ins. Co.*,
54 id., 193 ; *Colt* v. *Phœnix Fire Ins. Co.*, id., 595.) The
occupation was a warranty by the insurer, and non-occupation a
breach of it and avoided the policy. (*Jennings* v. *Chenango Mutual
Ins. Co.*, *ante ;* *Mead* v. *Northwestern Ins. Co.*, 3 Selden, 530 ;
*Wustum* v. *City Fire Ins. Co.*, 15 Wisc., 138 ; *Harrison* v. *City
Fire Ins. Co.*, 9 Allen [Mass.], 231 ; *Witherell* v. *Maine Ins. Co.*,
49 Me., 200 ; *Ripley* v. *Ætna Ins. Co.*, 30 N. Y., 136.) War-
ranties extend even to *known defects.* (*Jennings* v. *Chenango
Mutual Fire Ins. Co.*, *ante ;* *Kennedy* v. *St. Lawrence Co. Mutual
Ins. Co.*, 10 Barb., 285.)

BARNARD, P. J.:

The defendant, on the 17th May, 1872, issued a policy of insur-
ance to plaintiff, on a house in Suffolk county, for one year. The
house shortly thereafter burned down. It had been occupied as
a dwelling by a Mrs. Mowbray, until about a month before the
insurance was effected ; but at the time of the insurance was unoc-
cupied, and remained so until the fire. The application was taken
by Henry Brewster, who for three years had solicited business,
filled out applications, received premiums, taken surveys, and
made descriptions of buildings for defendant. Mr. Brewster,
knowing the house was unoccupied, applied to plaintiff to insure
it. After some hesitation plaintiff consented. Brewster made out
the application ; wrote all the answers which were written to the
questions proposed. Plaintiff signed it, and it was sent to the

defendant, and upon it the policy in question was issued. In this application, there is contained the following question : " Occupation — For what is the building used, and how many tenants are there ?" To this the answer written by Brewster was —" Dwelling." It is now claimed that the policy thus issued is void, for the reason that plaintiff, by the application, made a warranty as to the occupation, which was broken when made, and thereby the policy was of no effect.

This presents two questions for examination : What was the warranty in question ? What effect had the knowledge of Brewster, that the house was unoccupied, upon the defendant ?

The question of warranty would not be free from doubt, if the application had been filled out by plaintiff. The insured premises had been a dwelling until a few weeks before the fire ; was a dwelling-house, in ordinary and accurate language at the time of issuing of policy, having no tenant, and was expected to be tenanted as a dwelling in the near future. A general question, as to mode of occupation, might be answered, as it was answered, " dwelling." All doubt is removed as to the question, when the additional fact is considered, that Brewster solicited and filled up the application himself. He was defendant's agent, acting within the scope of his authority. He was told nothing by plaintiff, but wrote the company answers to the questions, with a full personal knowledge of the facts. Brewster cannot be held to have intended to deceive either his own principal or the plaintiff. In view of these facts, and of the fact that that part of the question as to number of tenants is unanswered, the legal intendment must be, that the company has only a covenant that the building was a dwelling-house, and, when used thereafter, should be used as a dwelling. Assuming the legal construction of the question and answer to be, that the house was, at the date of the application, actually occupied as a dwelling, Brewster knew the fact to be otherwise, and prepared the application for plaintiff to sign. As has been already stated, ordinary men would make the answer in question in reference to an unoccupied dwelling-house.

The defendant ought to be estopped by the knowledge of its agent, when the acts and declaration of the agent induced the contract of insurance. This seems to be the doctrine of the Court of

Appeals on this subject. * The condition No. 11, annexed to this policy, has no reference to a case like this. That condition is directed to that class of persons, known as insurance brokers, whose business is to effect insurance for other persons, and who are not agents either of companies or individuals, except so far as their acts in each particular case make them so. The defendant says, in the condition annexed to its policies, that such persons shall be deemed the agents of the applicant. It cannot be intended that an application to the defendant's agent, makes such agent the agent of the applicant. If it was so intended, the words used do not carry out the intent.

Upon the whole case, we think the plaintiff should have a judgment upon the verdict, with costs.

Present — BARNARD, P. J., and TALCOTT, J.

Ordered accordingly.

---

* Ames v. N. Y. Union Ins. Co., 14 N. Y., 253 ; Rowley v. Empire Ins. Co., 36 id., 550.